Patricia Rose Lynch, Esq. (PL-8436)
Sacco & Fillas, LLP
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
Tel: 718-269-2240
Email : Plynch@saccofillas.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUSAP GUNAYDIN, on behalf of himself and all other persons similarly situated,<br><br>       Plaintiff,<br><br> -against-<br><br>CHOBANI FARM CORP. d/b/a CHOBANI FARM, MUSTAFA ERSOY, SABRI OKKE, and FILIZ YAZICI a/k/a ESRA FILIZ YAZICI,<br><br>       Defendants. | Case No.<br><br>**COMPLAINT**<br><br>FLSA COLLECTIVE ACTION |

Plaintiff MUSAP GUNAYDIN (hereinafter "Gunaydin"), by and through his undersigned attorneys, for his complaint against CHOBANI FARM CORP. d/b/a CHOBANI FARM (hereinafter "Chobani"), MUSTAFA ERSOY (hereinafter "Ersoy"), SABRI OKKE (hereinafter "Okke"), FILIZ YAZICI a/k/a ESRA FILIZ YAZICI (hereinafter "Yazici")(collectively "Defendants"), alleges as follows, on behalf of himself and all other persons similarly situated.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Gunaydin's state law claims

pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Gunaydin's. claims under the FLSA pursuant to 29 U.S.C. § 216(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## NATURE OF THE ACTION

3. Plaintiff Musap Gunaydin alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Chobani Farm Corp., Mustafa Ersoy, Sabri Okke, and Filiz Yazici a/k/a Esra Filiz Yazici, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

4. Mr. Gunaydin further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

5. Plaintiff Musap Gunaydin is a New York resident and was employed by Defendants as a cashier/cleaner/runner.

6. Upon information and belief, defendant Chobani Farm Corp. is a New York corporation with a principal place of business at 3752-3754 Nostrand Ave, Brooklyn, New York 11235.

7. At relevant times, Chobani has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8. Upon information and belief, at all relevant times, Chobani has had gross revenues in excess of $500,000.00.

9. Upon information and belief, at all relevant times herein, the Chobani has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10. Upon information and belief, defendant Mustafa Ersoy is a New York resident and an owner or part owner and principal of Chobani. Ersoy has the power to hire and fire employees, set wages and schedules, and maintain records.

11. Upon information and belief, defendant Sabri Okke is a New York resident and an owner or part owner and principal of Chobani. Okke has the power to hire and fire employees, set wages and schedules, and maintain records.

12. Upon information and belief, defendant Filiz Yazici a/k/a Esra Filiz Yazici is a New York resident and Manager/Supervisor of Chobani.  Yazici has the power to hire and fire employees, set wages and schedules, and maintain records.

13. Defendants Ersoy, Okke and Yazici were involved in the day-to-day operations of Chobani and all played an active role in managing the business.

14. Defendants Ersoy, Okke and Yazici interviewed Mr. Gunaydin, hired him, set his schedule and pay, and supervised him.

15. Defendants constituted "employers" of Mr. Gunaydin as that term is used in the Fair Labor Standards Act and New York Labor Law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 206 and § 207, Mr. Gunaydin seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

    All persons who are or were formerly employed by defendants in the United States at any time since July 19, 2016, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17. The Collective Action Members are similarly situated to Mr. Gunaydin in that they were employed by Defendants as non-exempt store employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

18. They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

19. Mr. Gunaydin and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by Defendants.

20. The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

## FACTS

21. Defendants committed the following acts knowingly and willfully.

22. At all relevant time herein, defendants owned and operated a Fruit Vegetable Store in New York under Chobani Farm Corp. d/b/a Chobani Farm.

23. Mr. Gunaydin was employed at Chobani from approximately September 2019 through November 2019.

24. Mr. Gunaydin was employed as a cashier, runner, and cleaner.

25. At all relevant times herein, Mr. Gunaydin was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26. Mr. Gunaydin's schedule varied from week to week.  At the outset of his employment, he generally worked about four shifts per week, but after a month or so, he began working eight to ten shifts per week, and continued to work this schedule until his first stint of employment with the company ended.

27. At all relevant time herein, Plaintiff Mr. Gunaydin employment with the Defendants, Plaintiff would regularly work 78 hours per week 7 days per week.

28. Plaintiff Mr. Gunaydin regularly worked more than forty (40) hours per week during his employment with Defendants, but did not receive any overtime pay for those hours nor was he paid time and one half his regular rate.

29. Plaintiff Mr. Gunaydin regularly worked more than ten (10) hours per day during his employment with Defendants, but did not receive spread-of-hours pay for those days.

30. Plaintiff Mr. Gunaydin was paid $500.00 per week regardless of the number of hours he worked in a shift, day, or week.

31. As a result, Mr. Gunaydin's effective rate of pay was always below the statutory federal and state minimum wages in effect at relevant times.

32. Defendants never provided Mr. Gunaydin with any notices or information regarding the "wage and employment".

33. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

34. Defendants' failure to pay Mr. Gunaydin an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

35. Mr. Gunaydin was paid in cash throughout his employment, and he received no paystubs or wage statements of any sort with his pay.

36. In addition, defendants failed to pay Mr. Gunaydin any overtime "bonus" for hours worked beyond 40 hours workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

37. Defendants' failure to pay Mr. Gunaydin the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

38. Mr. Gunaydin occasionally worked double shifts — i.e., a lunch and dinner shift on the same day — that resulted in his working in excess of ten hours from start to finish in a day, and yet defendants willfully failed to pay him a "spread of hours" premium

on days when they worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

39. Defendants failed to provide Mr. Gunaydin with a written notice providing the information required by the Wage Theft Prevention Act – including, inter alia, Defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

40. Defendants failed to provide Mr. Gunaydin with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

41. Upon information and belief, throughout the period of Mr. Gunaydin's employment, both before that time (throughout the Collective Action Period) and continuing until today, Defendants have likewise employed other individuals like Mr. Gunaydin (the Collective Action Members) in positions at Defendants' store that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

42. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

43. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

44. Upon information and belief, these other individuals have worked in excess of forty hours per week yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

45. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

46. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

47. Defendants' policy of paying Mr. Gunaydin and these other individuals on a shift basis rather than on an hourly basis violated 12 N.Y.C.R.R. § 146-2.5.

48. Upon information and belief, while Defendants employed Mr. Gunaydin and the Collective Action members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

49. Upon information and belief, while Defendants employed Mr. Gunaydin and the Collective Action members, and through all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act – Minimum Wage Act, N.Y. Stat.§§ 650 et seq.)

50. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

51. At all relevant times, defendants employed Mr. Gunaydin and the Collective Action Members within the meaning of the FLSA.

52. Defendants failed to pay a salary greater than the minimum wage to Mr. Gunaydin and the Collective Action Members for all hours worked.

53. As a result of Defendants' willful failure to compensate Mr. Gunaydin and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

54. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

55. Due to Defendants' FLSA violations, Mr. Gunaydin and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

56. Defendants willfully violated Mr. Gunaydin's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

57. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

58. Due to Defendants' New York Labor Law violations, Mr. Gunaydin is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## SECOND CLAIM FOR RELIEF
### (Fair Labor Standards Act – Overtime Violations, 29 U.S.C. §§ 201 et seq. Brought by Plaintiffs and on Behalf of Themselves and the FLSA Collective Plaintiffs)

59. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

60. At all relevant times, defendants employed Mr. Guanydin and each of the Collective Action Members within the meaning of the FLSA.

61. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

62. As a result of Defendants' willful failure to compensate their employees, including Mr. Gunaydin and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

63. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

64. Due to Defendants' FLSA violations, Mr. Gunaydin and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

65. Defendants willfully violated Mr. Gunaydin's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

66. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

67. Due to Defendants' New York Labor Law violations, Mr. Gunaydin is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### THIRD CLAIM FOR RELIEF
### (New York Spread-of-Hour pay 12 NYCRR § 142-2.4)

68. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

69. At all relevant times, Mr. Gunaydin was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70. Defendants willfully violated Mr. Gunaydin's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked shifts lasting in excess of 10 hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

71. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

72. Due to Defendants' New York Labor Law violations, Mr. Gunaydin is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## FOURTH CLAIM FOR RELIEF
### (New York Labor Law – Wage Theft Prevention Act)

73. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

74. At all relevant times, Mr. Gunaydin was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

75. Defendants willfully violated Mr. Gunaydin's rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

76. Defendants willfully violated Mr. Gunaydin's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

77. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Gunaydin is entitled to recover from the Defendants' statutory damages of $250.00 per day throughout his employment, up to the maximum statutory damages.

78. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Gunaydin is entitled to recover from the Defendants' statutory damages of $50.00 per day throughout his employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Gunaydin and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f. An award of liquidated damages as a result of Defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h. Liquidated damages for Defendants' New York Labor Law violations;

i. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j. Back pay;

k. Punitive damages;

l. An award of prejudgment and postjudgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    n.   Such other, further, and different relief as this Court deems just and proper.

Dated: January 16, 2020
   Astoria, New York

                SACCO & FILLAS, LLP


                By: /s/ Patricia Rose Lynvh
                Patricia Rose Lynch, Esq.
                31-19 Newtown Avenue
                Seventh Floor
                Astoria, New York 11102
                Tel: 718-269-2240
                Email: Plynch@saccofillas.com


## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.