

31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

Tel: 718 746-3440
Direct: 718 269-2240
Direct Fax: 718 425-9752

plynch@saccofillas.com
www.saccofillas.com

Tonino Sacco*
Elias N. Fillas
Luigi Brandimarte*

Lamont K. Rodgers
Albert R. Matuza, Jr.
U. William Sung
Joanne Ciaramella
Joseph Katz
Patricia R. Lynch
Richard Schirmer
James R. Baez*
Ronald B. Groman
Elliot L. Lewis
Zachary S. Kaplan
Steven Hoffman
Dana M. Whitfield
Eric S. Cantor
Roman Grutman*
James A. Wolff
Angel R. Vitiello
Michael S. Warycha
Evan R. Levtow
Jared Scotto
Boris Bernstein*
Christopher P. DelCioppio△
Elizabeth A. Athenas
Michael J. Ushkow
David E. Silverman
Alexander Berger
Hariharan Krishnaraj
Cindy Simms

*Also admitted in New Jersey
△ Admitted in New Jersey only

Bayside Office:

42-40 Bell Boulevard
Suite 301
Bayside, NY 11361

September 11, 2020

**VIA ECF**

The Honorable Ramon E. Reyes, Jr.
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. N208
Brooklyn, New York 11201

   Re: *Gunaydin v. Chobani Farm Corp., et al.*
     <u>Docket No. 20-00271</u>

Dear Judge Reyes:

We are counsel to Plaintiff and write, jointly with counsel to Defendants, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this matter with prejudice. Attached hereto as Exhibit A, please find the parties' settlement agreement (the "Settlement Agreement"). This agreement is amended from the one filed on August 17, 2020, and reflects the changes required per the Court at the August 20, 2020 conference. Additionally, please accept my apology for missing Your Honor's August 28, 2020 deadline for submission. I did not realize that the Letter Motion was not filed, and inadvertently marked the task "completed" in my system.

The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*internal quotations and citations omitted*). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*internal citations omitted*).



In this matter, the parties have reached a settlement of $6,000 for Plaintiff's wage and hour claims. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiff's Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $6,000, of which $3,689.52 is being allocated to Plaintiff Musap Gunaydin. Attached hereto as Exhibit B are Plaintiff's damage calculations for his alleged unpaid compensation, calculated to be $3,395.00 in alleged back wages (100% recovery plus partial liquidated damages).

Plaintiff's damage calculations are based on documents exchanged between the parties to confirm Plaintiff's accurate time of employment plus his accurate hours and rate paid. Defendants have agreed to all of Plaintiff's alleged back wages and a portion of his liquidated damages. If Defendants were to succeed at trial in establishing that Plaintiff was correctly compensated for his overtime hours, or that he worked less hours than alleged, Plaintiff's damages would be significantly reduced, and he would run the risk of obtaining less than the payment he is receiving in the settlement, if anything.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and the Parties Face Serious Litigation Risks**

Plaintiff wishes to avoid the risk of further litigating his claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks because of the fact-intensive nature of proving liability under the FLSA. Defendants strongly contend that Plaintiff was compensated for all hours worked; however, Defendants faced anticipated burdens and litigation expenses in establishing their respective defenses. Thus, Plaintiff believes the amount of $6,000 is a fair result, obtaining all of his alleged back wages while eliminating the risks of trial. Further litigation would be highly risky to Plaintiff as he would face the possibility of receiving a smaller amount than what is allocated to him in the settlement. Even more pressing is the fact that COVID-19 has significantly impacted Defendant's business, and the individual Defendant, upon information and belief, is currently extremely ill and hospitalized.

**The Settlement Is a Result of Arm's-Length Negotiation and There Is No Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced wage and hour counsel during the litigation and settlement process. During the litigation and settlement process, there was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement at a settlement conference in which Plaintiff would receive recovery of a portion of his alleged back wages and eliminating the burdens and costs of trial. Defendants asserted legitimate substantive defenses which highlighted a substantial risk to Plaintiff's ability to continue this litigation. The Arm's length negotiations between knowledgeable counsel followed, culminating in a negotiated resolution, which eliminated the inherit risks and costs of litigation.



**The Attorneys' Fees are Fair and Reasonable**

Of the $6,000 settlement amount, $2,310.48 is allocated to attorneys' fees and costs, including $493.26 in costs. The legal fees of $1,817.22 equals 30.3% of the settlement amount, just under one-third, which is routinely approved as attorney's fees in such FLSA matters. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

Plaintiff's counsel's fees of $1,817.22 are fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, reviewing Defendants' answer, preparing for and attending an initial conference, preparing Plaintiff's discovery requests, reviewing Defendants' discovery production, preparing for and attending a telephone conference, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as Exhibit A and dismiss the matter in its entirety. We thank Your Honor for considering this matter.

Sincerely,

Patricia R. Lynch, Esq.

CC: Zafer Akin, Esq. (via ECF)

# EXHIBIT "A"

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

MUSAP GUNAYDIN residing at 2632 West 2nd Street, Apartment 14, Brooklyn, New York 11223 (hereinafter "Plaintiff") and CHOBANI FARM CORP. (d/b/a CHOBANI FARM), MUSTAFA ERSOY, SABRI OKKE and FILIZ YAZICI a/k/a ESRA FILIZ YAZICI and any affiliates, divisions, subsidiaries of CHOBANI FARM CORP., any merged entity or merged entities and/or its or Plaintiff's present and former officers, partners, directors, employees, agents, shareholders and/or successors, assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof (hereinafter collectively referred to as "Defendants"), and the Defendants and Plaintiff, collectively referred to as the "Parties", hereby agree upon this Settlement Agreement and General Release (hereinafter referred to as the "Agreement") as a resolution of all issues involved herein as follows:

1. **Preliminary Matters.** Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with Plaintiff's legal counsel, SACCO & FILLAS, LLP, and/or other advisors of Plaintiff's own choosing in order to obtain advice with respect to the terms of this Agreement, and has had the opportunity to consider Plaintiff's advice with respect to the foregoing and following Agreement. Plaintiff enter into this Agreement voluntarily and with a full understanding of its terms.

2. **Admission of Liability.** The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, those claims listed in the Complaint currently pending in the United States District Court for the Eastern District of New York bearing Case number 1:20 CV 00271 (KAM-RER) or which otherwise involve Plaintiff's employment relationship with Defendants and the separation or termination of Plaintiff's employment relationship. Plaintiff having made a claim that Plaintiff has not been fully and properly paid for all hours worked (i.e. that he has not been paid the minimum wage and the overtime wage for the hours he allegedly worked) and further claiming that Plaintiff has not been provided the proper notices, the Defendant, while admitting that Plaintiff has not been properly paid, disputes the hours that Plaintiff alleges he worked. In resolution of the dispute, the parties (Plaintiff and Defendant) hereby agree, acknowledge and consent that the actual hours worked by the Plaintiff, inclusive of interest, liquidated damages, and notice violations, together with attorneys' fees, costs, expenses and disbursements in conjunction with New York State minimum wage laws, is sufficiently satisfied by the payment made herein. Neither this Agreement, nor its terms, will be admissible in any proceeding other than in a proceeding for breach of the terms of this Agreement as set forth herein.

1

3. **Consideration.** As set forth in paragraphs two, three and five herein, Defendants agree to pay Plaintiff and Plaintiff's attorneys the total sum of Six Thousand ($6,000.00) Dollars as set forth and allocated in Section 7 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below. The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees and costs and liquidated damages for all the claims alleged as set forth by the Complaint bearing file number 20-CV-00271 filed in the United States District Court for the Eastern District of New York. Further, Plaintiff agrees that Plaintiff has no entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants, except as specifically provided in this Agreement.

4. **Release by Plaintiff and Defendants.** In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge the Defendants, from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses and/or sums of money for all claims as alleged in the Complaint filed in the United States District Court for the Eastern District of New York bearing file number 20-CV-00271. Defendants do not assert any claims or counter-claims against the Plaintiff.

5. **Plaintiff's Responsibility for Taxes.** Plaintiff assumes full responsibility for Plaintiff's respective portion of the Settlement Payment of any and all federal, state and local truces or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Agreement. Indeed, although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or any Defendant is liable for any failure by any Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to hold Defendants harmless for any such liability.

6. **Payment.** Defendants will issue an IRS Form 1099 to SACCO & FILLAS, LLP, with respect

2

to the payments set forth herein.

SACCO & FILLAS, LLP, shall provide the Defendants with W-9 forms together with an executed copy of the agreement herein before the first payment can be sent out.

The Settlement Payment, totaling $6,000.00, shall be paid by a check made payable to "SACCO & FILLAS, LLP, within 10 business days of receiving the executed copy of the agreement herein together with a voluntary dismissal of the action (with Court Approval) currently pending in the United States District Court for the Eastern District of New York bearing Case number 20 CV 00271 (KAM-RER).

7. **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Should any dispute arise concerning this Agreement or the terms thereof, such disputes shall be resolved only by a federal or state court in the state and county of New York, and the Parties hereby agree to submit to the jurisdiction and venue of such courts. Exclusive venue for any dispute between the parties shall be the Supreme Court of the State of New York, County of New York.

    If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that Plaintiff has not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

8. **Reemployment.** Plaintiff agrees to relinquish and hereby do relinquish any and all rights Plaintiff may have to either directly or indirectly: (i) be employed by, (ii) be assigned to, (iii) work for, (iv) seek employment with or apply to, (v) accept employment with, or (vi) provide services in exchange for compensation in any capacity to the Defendants and affiliated entities. Plaintiff agrees that Plaintiff will not seek, apply for, or accept any employment or assignment to which Plaintiff has relinquished any rights. Plaintiff agrees and understands that this provision is intended to protect the Defendants from allegations of retaliation.

9. **Important Acknowledgments.** It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and

final release effected thereby. The parties represent and warrant that the Settlement Payment is fair and reasonable. The parties represent and warrant that the attorneys' fees portion of the Settlement Payment is fair and reasonable. The parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their respective attorneys. The parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily. Plaintiff acknowledges that Plaintiff has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

10. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersede and replace all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

11. **Severability of Releases of Claim.** If any of the provisions, terms, clauses, waivers or releases of claims and rights contained in this Agreement are declared illegal, unenforceable, or ineffective in a legal forum of competent jurisdiction, such provisions, terms, clauses, waivers or releases of claims or rights shall be modified, if possible, in order to achieve, to the extent possible, the intentions of the parties and, if necessary, such provisions, terms clauses, waivers and releases of claims and rights shall be deemed severable, such that all other provisions, terms, clauses and waivers and releases of claims and rights contained in this Agreement shall remain valid and binding upon the parties.

12. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties, and fully supersede any and all prior agreements or understandings between them pertaining to the subject matter thereof.

13. **Vagueness, Ambiguity or Uncertainty.** This Agreement was the result of negotiations between the parties and Plaintiff's respective counsel. In the event of vagueness, ambiguity or uncertainty, this Agreement shall not be construed against the party preparing it, but shall

be construed as if both parties prepared it jointly.

14. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

15. **Headings.** The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

16. **Execution In Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Facsimile and/or electronically transmitted signatures shall be treated as original signatures for all purposes.

A. **Knowing and Voluntary Release of Claims.** Plaintiff acknowledges that: (a) Plaintiff has carefully read this Settlement Agreement and Plaintiff fully understand its meaning; (b) Plaintiff is signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and (c) Other than the recovery set forth herein, no other promises or representations have been made to cause the Plaintiff to execute the Agreement herein.

17. **Revocation.** Plaintiff understands and agrees that Plaintiff has a period of seven (7) days following the signing of this Agreement to revoke it. Plaintiff understands that in the event that any Plaintiff revokes this Agreement, the entire Agreement shall be null and void and of no force or effect on any party and therefore, Defendants will be under no obligation to make the payments set forth in Section 7 above. In order to revoke this Agreement, Plaintiff must sign and send a written notice of the decision to do so, addressed to Akin Law Group, PLLC (attention: Zafer A. Akin), **45 Broadway, Suite 1420, New York, New York 10006** and the written notice must be received by Defendants no later than the eighth day after Employee signed this Agreement. In addition, Plaintiff, by Plaintiff's counsel, agree to simultaneously forward a copy of the revocation via e-mail to zafer@akinlaws.com. Plaintiff further understand that this Agreement shall not be effective or enforceable until the seven (7) day revocation period has expired and provided that no Plaintiff exercises his right revoke this Settlement Agreement.

IN WITNESS WHEREOF, the RELEASOR, **MUSAP GUNAYDIN** has hereunto set his hand and seal below.

**(SIGNATURES ON THE FOLLOWING PAGE)**

**PLAINTIFF**

_____          08-27-20
**MUSAP GUNAYDIN**                 Dated

STATE OF NEW YORK  )  ss.:
COUNTY OF          )

On this 27th day of August, 2020, before me personally came **MUSAP GUNAYDIN** known to me to be the individual described herein, who executed the foregoing SETTLEMENT AGREEMENT AND GENERAL RELEASE

_____
Notary Public/State of New York

> JULIE AKHUNOVA
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01AK6110104
> Qualified in Queens County
> Commission Expires August 18, 2020

**DEFENDANTS**

_____          Dated:
**MUSTAFA ERSOY**
**Individually and on behalf of all**
**the Defendants (Individual and Corporate)**

STATE OF NEW YORK  )  ss.:
COUNTY OF          )

On this ____ day of August, 2020, before me personally came **MUSTAFA ERSOY** known to me to be the individual described herein, who executed the foregoing SETTLEMENT AGREEMENT AND GENERAL RELEASE.

_____
Notary Public/State of New York

**PLAINTIFF**

_____     _____
**MUSAP GUNAYDIN**                                Dated

STATE OF NEW YORK )  ss.:
COUNTY OF               )

On this_____day of August, 2020, before me personally came **MUSAP GUNAYDIN** known to me to be the individual described herein, who executed the foregoing SETTLEMENT AGREEMENT AND GENERAL RELEASE

_____
Notary Public/State of New York


**DEFENDANTS**

_____     8.28.20.20
**MUSTAFA ERSOY**                              Dated:
Individually and on behalf of all
the Defendants (Individual and Corporate)

STATE OF NEW YORK )  ss.:
COUNTY OF               )

On this 28 day of August, 2020, before me personally came **MUSTAFA ERSOY** known to me to be the individual described herein, who executed the foregoing SETTLEMENT AGREEMENT AND GENERAL RELEASE.

_____     ZAFER A. AKIN
Notary Public/State of New York     Notary Public, State of New York
                                    Registration No. 01AK5036030
                                    Qualified in New York County
                                    Commission Expires Nov. 14, 2022

6

# EXHIBIT "B"

| WEEK ENDING | # OF DAYS WORKED | REG HOURS | OT HOURS | REG PAID | OT PAID | REG OWED | OT OWED | SOH OWED | TOTAL OWED |
|---|---|---|---|---|---|---|---|---|---|
| 9/14/2019 | 4 | 40 | 10 | $500 | $0 | $100 | $225.00 | $60.00 | $385.00 |
| 9/21/2019 | 7 | 40 | 10 | $500 | $0 | $100 | $225.00 | $105.00 | $430.00 |
| 9/28/2019 | 7 | 40 | 10 | $500 | $0 | $100 | $225.00 | $105.00 | $430.00 |
| 10/5/2019 | 7 | 40 | 10 | $500 | $0 | $100 | $225.00 | $105.00 | $430.00 |
| 10/12/2019 | 7 | 40 | 10 | $500 | $0 | $100 | $225.00 | $105.00 | $430.00 |
| 10/19/2019 | 7 | 40 | 10 | $500 | $0 | $100 | $225.00 | $105.00 | $430.00 |
| 10/25/2019 | 7 | 40 | 10 | $500 | $0 | $100 | $225.00 | $105.00 | $430.00 |
| 11/2/2019 | 7 | 40 | 10 | $500 | $0 | $100 | $225.00 | $105.00 | $430.00 |

$3,395.00